## United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

FELIPE PABLO-JIMENEZ

Criminal Complaint

CASE NUMBER: 08- 100M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __April 24, 2008__ in the District of Delaware, defendant did:

*illegally re-enter the United States*

in violation of Title ___8___ United States Code, Section(s) ___1326(a)___.

I further state that I am a(n) ___Deportation Officer, United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement___ and that this complaint is based on the following facts:

*See attached Affidavit*

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
David Savina
Deportation Officer
Bureau of Immigration & Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,

__June 6, 2008__     at     Wilmington, DE
Date                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

FILED
JUN  6 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David W. Savina, being duly sworn, depose and say:

1. I am a Deportation Officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. I have been employed as a Deportation Officer since September 14, 1998, when the United States Immigration and Naturalization Service ("INS"), ICE's predecessor agency, employed me. The INS became known as ICE in March 2003, when it was transferred to DHS' jurisdiction.

2. This investigation is based upon information provided in DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and interviews.

3. On or about May 19, 2008, the ICE Dover office received notification from the Sussex County Correctional Institution ("SCI") in Georgetown, Delaware that a possible illegal alien was incarcerated at the facility. ICE database and NCIC record checks were conducted that indicated that the subject, Felipe PABLO-Jimenez, was a possible illegal alien from Guatemala.

4. On May 29, 2008, your affiant interviewed Felipe PABLO-Jimenez at the SCI. Once advised of his rights in English pursuant to *Miranda v. Arizona*, Felipe PABLO-Jimenez signed a written waiver of his rights and agreed to speak with your affiant. The subject stated that his true and correct name is Felipe PABLO-Jimenez, that he was born on a particular date in 1968 in Guatemala and that he is a citizen of Guatemala. Mr. PABLO-Jimenez stated that he had been deported from the United States on March 17, 2005 and that he had re-entered the United States, without inspection or parole by an immigration officer, on or about April 24, 2008, at or near Nogales, Arizona. Felipe PABLO-Jimenez stated that he knew he had re-entered the United States illegally and that he had not obtained the permission of the Attorney General of the United States or of the Undersecretary for Border and Transportation Security of the DHS before doing so.

5. Your affiant has reviewed DHS/ICE alien database records and Felipe PABLO-Jimenez's ICE alien file (file number A70 684 606), which indicate that Felipe PABLO-Jimenez was in fact born in 1968 in Guatemala and that he originally entered the United States without inspection on or about August 15, 1992. Those records confirmed that Felipe PABLO-Jimenez was deported from the United States to Mexico on March 17, 2005 and they contain no indication that he had obtained permission from the United States government to re-enter the country on April 24, 2008.

6. Your affiant queried the subject's fingerprints in an automated system and compared those fingerprints to Felipe PABLO-Jimenez's fingerprints when he was deported in March 2005. The comparison was a match.

Transportation Security of the DHS nor the Attorney General of the United States had expressly consented to such alien's re-applying for admission, in violation of Title 8, United States Code, Sections 1326(a).

David W. Savina
Deportation Officer
United States Immigration & Customs Enforcement

Subscribed and sworn to before me this __6__ day of June 2008.

The Honorable Mary Pat Thynge
United States Magistrate Judge